OPINION
Appellant Jack K. Beatley and appellee Colleen Beatley Block are the parents of twin daughters, Alexandria and Victoria, born on August 1, 1992. The parties were divorced in Florida on March 27, 1998. Following the finalization of the Florida divorce, appellant instituted the instant action by filing a complaint in the Delaware County Common Pleas Court, Juvenile Division, for custody of the girls and child support.
The case proceeded to trial. On March 1, 1999, the court ordered that appellee be the residential parent of the twin girls. The court found that appellee had good cause and motivation to avoid living in central Ohio, as she experienced a great deal of aggravation after separating from appellant. The parties had a history of extensive conflict, including physical confrontation, surveillance, searching of appellee's trash, and appellee receiving cockroaches in the mail. The court further concluded that appellee's marriage to Jarrod Block was healthy and stable, and the court would not require her to move back to Ohio. The court concluded that it was in the best interest of the children to live with their mother in Florida. The court ordered all parties into counseling, as for the benefit of the children, the parties needed to take steps to normalize their relationship. The court specifically found that termination of all litigation would be essential.
On September 8, 1999, following summer visitation with the girls, appellant filed a motion to modify custody. Attached to his motion was a report and affidavit of Dr. Albert E. Virgil, who had testified at the original trial. In his report, Dr. Virgil stated that appellee was temporarily living in Colorado, and neither of the girls were "impressed" with the Colorado home. He indicated that Alexandria had directly stated that she would like to live with her father. In his affidavit he stated that prior to his testimony in the original trial, he did not have the opportunity to hear the audio tape of the girls' conversation with the judge and the guardian ad litem. Having reviewed the tape, he would change his testimony, as the tape indicated that appellee continued to engage in alienating the girls from their father.
The court overruled the motion without a hearing, for the reasons stated in the memorandum in opposition filed by appellee.
Appellant assigns a single error:
 ASSIGNMENT OF ERROR I. THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLANT'S MOTION TO MODIFY CUSTODY/PARENTAL RIGHTS AND RESPONSIBILITIES WHERE FACTS ARISING AFTER THE PRIOR DECREE INDICATED A CHANGE OF CIRCUMSTANCES HAD OCCURRED.
R.C. 3109.04.(E)(1)(a) governs a modification of parental rights and responsibilities:
 (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
The determination made by a court pursuant to this statute should not be disturbed absent an abuse of discretion. Davis v. Flickinger
(1997), 77 Ohio St.3d 415, paragraph one of the syllabus.
The court did not abuse its discretion in overruling appellant's motion for a change of custody. Dr. Virgil's report and affidavit do not demonstrate a change of circumstances following the prior order.
In his affidavit, Dr. Virgil merely attempts to clarify his testimony at the prior hearing, based on facts known to the court at that time. While appellant claims that the tape recording of the girls' conversation with the judge constitutes new facts, as Dr. Virgil had not listened to the tape prior to testifying, R.C. 3109.04
requires that the facts be unknown to the court at the time of the prior decree. The facts concerning parental alienation were well known to both Dr. Virgil and to the court at the time of the original judgment, as the judge speaks extensively to such factors in the original order. In addition, Dr. Virgil had testified at the original hearing regarding the issue of parental alienation. Dr. Virgil's alleged new testimony on parental alienation is not a change of circumstances, but merely a modified opinion on an issue discussed just months earlier.
Appellant also argues that one of the children expressed a desire to live with appellant. However, in its March 1, 1999, judgment entry, six months before the motion to change custody, the court expressly found that the children did not have sufficient reasoning ability to express their wishes and concerns regarding custody and visitation. The statement by one of the children to Dr. Virgil several months later is insufficient to demonstrate a change of circumstances justifying modification of parental rights.
The remainder of Dr. Virgil's report deals with the issue of the home in Colorado, with which he claims the girls were not impressed. The mere fact that the 7-year-old girls were not impressed with the home in Colorado does not constitute a change of circumstances.
In its March 1, 1999, judgment entry, the court specifically stated that the parties had to normalize their relationship for the good of the children. The court cited numerous problems with conflict, which had escalated to physical confrontation, interception of communication, extensive litigation, hatred, and slander. Later in the judgment, the court again stated that the termination of all litigation is essential for the benefit of the children. The court did not abuse its discretion in overruling the motion for change of custody, filed a mere six months after the original custody determination.
The assignment of error is overruled.
The judgment of the Delaware County Common Pleas Court is affirmed.
 ____________________ Gwin, P.J.,
Hoffman, J., and Edwards, J., concur.